UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
    Plaintiff,

v.

CHRISTOPHER SCOTT,
    Defendant.

Case No. CR08-82RSL

ORDER DENYING MOTION TO MODIFY SENTENCE

This matter comes before the Court on Defendant's "Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)" (Dkt. # 702).[1] Defendant asks the Court to reduce his sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, and Amendment 750 to the United States Sentencing Guidelines. The Court DENIES the motion.

## I. BACKGROUND

Defendant pleaded guilty on August 7, 2008, to one count of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a) and (b)(1)(A) and 18 U.S.C. § 2 and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. ## 273, 277, 304. In his Rule 11(c)(1)(C) plea, he acknowledged and stipulated to possessing 74.1 net grams of cocaine base and 296.5 additional grams of cocaine hydrochloride with the intent to distribute. Dkt. # 277. He

---

[1] Defendant initially filed his motion pro se but was assisted by counsel in filing a supplemental memorandum. Dkt. # 721.

ORDER DENYING MOTION TO MODIFY SENTENCE - 1

further agreed that, under the version of U.S.S.G. § 2D1.1(c) then in effect, these drug quantities resulted in a base offense level of 32 and that an addition two-level increase was warranted for Defendant's possession of a dangerous weapon. Id. Nevertheless, after noting that the parties were "free to argue the application of any other provisions of the United States Sentencing Guidelines," the agreement states:

> Notwithstanding the Guidelines range resulting from these calculations, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing should be within the range of 156 to 204 months.

Id.

After reviewing the terms of the agreement against the "yardstick" of the Guidelines, the Court accepted the agreement. Cf. Freeman v. United States, 131 S. Ct. 2685, 2696–97 (2011) (Sotomayor, J., concurring). Compare Dkt. # 681 at 9–10 ("This is an 11(c)(1)(c) plea with an agreed range. Mr. Scott would like to break that, but that will have consequences for him. It is an agreed range. We are still required to calculate the guidelines by the Ninth Circuit."); id. at 37 ("As Mr. [Lombardi] indicates, it is my task to first determine for the record and for reporting requirements what the actual proper range is here."), with id. at 39 ("Now, that is just doing the guidelines. From there I look at the plea agreement. Now, the plea agreement here is pretty close to the guideline range, it is 156 to 204."), and id. at 41 ("Be that as it may, I do look at this agreed sentencing range in the plea agreement as something that is binding. It is an 11(c)(1)(c), so it is binding on the Court."). Pursuant to the agreement, the Court imposed a 168-month custodial sentence. Id. at 41–42. It also ordered the Defendant to serve a concurrent 120-month custodial sentence for his firearm violation. Id.

## II. DISCUSSION

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). Section

ORDER DENYING MOTION TO MODIFY SENTENCE - 2

"3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009). Defendant satisfies neither prong.[2]

To be clear, Amendment 750 did in fact make substantial changes to the manner in which cocaine base scores under § 2D1.1. That is not the issue here. The issue is that, as discussed, Defendant entered into and was sentenced pursuant to a Rule 11(c)(1)(C) plea. And as Justice Sotomayor explains in her controlling concurrence in Freeman, a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement is typically not eligible for § 3582(c)(2) relief, despite the fact that "the parties . . . may have considered the Guidelines in the course of their negotiations." 131 S. Ct. at 2696–97 (Sotomayor, J., concurring).[3] Rather, he is eligible for a sentence modification only if his plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment" or it is "evident from the agreement itself" "that the basis for the [agreement's] specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." Id. at 2697–98; see also id. at 2702 (Roberts, C.J., dissenting).

In this case, Defendant's plea agreement does not demonstrate either of these circumstances. The range provided, 156 to 204 months, is not found anywhere in the

---

[2] As a threshold matter, the Court notes that Defendant's waiver of his right to appeal or collaterally attack his sentence or conviction does not preclude his ability to seek § 3582(c)(2) relief. United States. v. Lightfoot, 626 F.3d 1092, 1095 (9th Cir. 2010).

[3] Because Judge Sotomayor's concurrence provided the narrowest grounds for allowing Rule 11(c)(1)(C) defendants § 3582(c)(2) relief, it controls. Marks v. United States, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" (alteration in original) (citation omitted)).

Guidelines. U.S.S.G. Sentencing Table. Nor are there any ranges that include either 156 or 204 months. Id. Moreover, this is not a case where the parties derived their range from an adjustment to an identifiable Guidelines range. Cf. Freeman, 131 S. Ct. at 2700 n.9 (Sotomayor, J., concurring) ("If the agreement itself made clear that the parties arrived at the 53–month term of imprisonment by determining the sentencing range applicable to Freeman's offenses and then halving the 106–month figure at its low end, he would have been eligible under § 3582(c)(2)."). To the contrary, the agreement plainly states that, "[n]otwithstanding the Guidelines range resulting from these calculations," the sentence imposed "should be within the range of 156 to 204 months." Dkt. # 277. This language rebuts any argument that the parties intended to "use[] a Guidelines sentencing range to establish the term of imprisonment." Cf. Freeman, 131 S. Ct. at 2698 n.5, 2700 n.9 (Sotomayor, J., concurring).

In addition, the Court is unpersuaded by Defendant's contention that the agreed-upon range was "based on" the Guidelines because it "encompasses several different ranges," including one that coincided with the Court's rough "yardstick" calculations. Suppl. Mem (Dkt. # 721) at 2–3. Justice Sotomayor cited her disagreement with this very argument to explain her split from the Kennedy plurality:

> Contrary to the plurality's view, the fact that U.S.S.G. § 6B1.2(c) (Nov. 2010) instructs a district court to use the Guidelines as a yardstick in deciding whether to accept a (C) agreement does not mean that the term of imprisonment imposed by the court is 'based on' a particular Guidelines sentencing range. The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation.
> * * *
> I therefore cannot agree with *Freeman* that § 3582(c)(2) calls upon district courts to engage in a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it. Nor can I agree with the plurality that the district judge's calculation of the Guidelines provides the basis for the term of imprisonment imposed pursuant to a (C) agreement.

131 S. Ct. at 2696 (Sotomayor, J., concurring) (emphasis added) (internal citation omitted); id. ("Allowing district courts later to reduce a term of imprisonment simply because the court itself considered the Guidelines in deciding whether to accept the agreement would transform § 3582(c)(2) into a mechanism by which courts could rewrite the terms of (C) agreements in ways not contemplated by the parties.").

In short, having accepted the parties' agreement, that binding plea agreement became "the foundation for the term of imprisonment to which the defendant is sentenced." Id. at 2696. "At the moment of sentencing, the [C]ourt simply implement[ed] the terms of the agreement it ha[d] already accepted." Id. at 2696. Because Defendant's specific agreement, Dkt. # 277, does not rely on the Guidelines, there is no basis for according Defendant the relief he seeks.

Defendant was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and cannot show that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," e.g., U.S.S.G. § 1B1.10(a)(1) (stating that an individual is only eligible for a sentence reduction if he or she "is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual"). See Wesson, 583 F.3d at 730. Accordingly, "§ 3582(c)(2) simply does not apply." Freeman, 131 S. Ct. at 2698 n.5 (Sotomayor, J., concurring).

### III. CONCLUSION

For all of the foregoing reasons, Defendant's motion is DENIED.

DATED this 1st day of March, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO MODIFY SENTENCE - 5